979 F.2d 851
 142 L.R.R.M. (BNA) 2384
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BENNETT CONSTRUCTION, INC., Respondent.
 No. 92-6273.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Bennett Construction, Inc., Freeport, Michigan, its officers, agents, successors, and assigns, enforcing its order dated February 13, 1992, in Case No. 7-CA-31917, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, Bennett Construction, Inc., Freeport, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Refusing to provide to the representative designated by the West-Central Michigan District Council of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, requested information necessary for, and relevant to, the Union's performance of its function as exclusive collective bargaining agent of the unit employees. The appropriate unit is:
 
 
 4
 All full-time and regular part-time journeyman carpenters [and] apprentice carpenters employed by Bennett Construction from out of its facility located at 13873 108th Street, Freeport, Michigan; but excluding all guards and supervisors as defined in the Act.
 
 
 5
 (b) Failing to pay contractually required fringe benefit contributions for unit employees.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 8
 (a) Provide the information requested to the representative designated by the Union.
 
 
 9
 (b) Make whole the Charging Party for any and all fringe benefit contributions that are delinquent by paying the fringe benefits amounts due to it, with any additional amounts owed computed in accordance with the remedy section of the Board's Decision and Order.
 
 
 10
 (c) Make whole employees for any medical or other expenses resulting from the Respondent's failure to remit the contractually required fringe benefit contributions, with interest computed in accordance with the remedy section of the Board's Decision and Order.
 
 
 11
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying all payroll records, wage rate and other records, work schedules, production reports and data, social security payment records, timecards, personnel records and reports, and all other records and entries necessary to determine the sums due under this Judgment.
 
 
 12
 (e) Post at its facility in Freeport, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 14
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 15
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT refuse to provide to the representative designated by the West-Central Michigan District Council of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, requested information necessary for, and relevant to, the Union's performance of its function as exclusive collective-bargaining agent of unit employees. The appropriate unit is:
 
 
 18
 All full-time and regular part-time journeyman carpenters [and] apprentice carpenters employed by Bennett Construction from out of its facility located at 13873 108th Street, Freeport, Michigan; but excluding all guards and supervisors as defined in the Act.
 
 
 19
 We WILL NOT fail to pay contractually required fringe benefit contributions for unit employees.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL provide the information requested to the representative designated by the Union.
 
 
 22
 WE WILL remit all contractually required fringe benefit contributions.
 
 
 23
 WE WILL make whole the Charging Party for any and all fringe benefit contributions that are delinquent by paying the fringe benefits amounts due to it, with any additional amounts owed computed in accordance with the remedy section in the Board's Decision and Order.
 
 
 24
 WE WILL make whole employees for any medical or other expenses resulting from the Respondent's failure to remit the contractually required fringe benefit contributions, with interest computed in accordance with the remedy section of the Board's Decision and Order.
 
 
 25
 BENNETT CONSTRUCTION, INC.
 
 
 26
 (Employer)
 
 
 27
 Dated __________ By __________ (Representative) __________ (Title)
 
 
 28
 This is an official notice and must not be defaced by anyone.
 
 
 29
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.